IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Andrew Cox, | Case No. 4:21cv1223 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| United States | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* petitioner Andrew Cox filed this Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 ("Cox") (Doc. No. 1.) For the following reasons, Cox's Petition is dismissed.

## I. Background

Cox is a federal inmate incarcerated at FCI Elkton ("Elkton"). On June 22, 2021, he filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 in which he alleges that the Federal Bureau of Prisons ("BOP") "illegally encumbered" funds from his prisoner account. (Doc. No. 1). Cox contends that in January 2021, he moved to vacate a restitution order in an action where the United States purportedly conceded that Cox was "maliciously prosecuted" and is "actually innocent." (Doc. No. 1-1 at 1). Cox claims that the United States "illegally encumbered" his entire inmate account balance, despite not having a court order to do so. (*Id.*). He is seeking the immediate release of the encumbered funds.

## II. Standard of Review

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the

Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to *habeas* petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### III. Law and Analysis

Section 2241 grants federal courts the power to issue writs of *habeas corpus* to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus is generally available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

Section 2241, however, is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Any claims, therefore, that do not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action and cannot be brought in a habeas petition.

Here, the petitioner is not challenging the BOP's execution or calculation of his federal sentence or challenging the fact of his confinement. Rather, he is challenging the BOP's purported encumbrance of funds in his prisoner account. Because this claim does not directly concern the duration of his federal sentence or his release from incarceration with the BOP, it is not the proper subject of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Cox's Petition must therefore be dismissed.

### IV. Conclusion

Accordingly, the Petition in this matter is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
PAMELA A. BARKER
Date: September 20, 2021    U. S. DISTRICT JUDGE